## CHARLES G. HIDDEN *v.* DANIEL M. JORDAN.

MORTGAGEE IN POSSESSION.—If permanent improvements, made by a mortgagee in possession, do not cost him anything, he is not entitled to anything for their construction, in an accounting with the mortgagor concerning rents and profits.

ACCOUNTING BETWEEN MORTGAGOR AND MORTGAGEE.—A mortgagee in possession cannot charge the mortgagor, in an accounting concerning rents and profits, with the cost of constructing new and permanent improvements, unless there are special circumstances requiring their construction.

TAKING ACCOUNT BY REFEREE.—If the Commissioner to whom a case has been referred to take an account, commits an error at the threshold which unsettles the account, the Court is not bound to go over the account and correct the error, but may set aside the report, and again refer the case.

TAKING AN ACCOUNT.—If, in an accounting concerning the rents and profits of land, between the mortgagor and mortgagee in possession, the testimony shows that the mortgagee paid expenses as he went along and had a balance in his hands at the end of the year, he should be charged with such balance.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts out of which this controversy arose are fully

stated in the report of the same on a former appeal found in 21 Cal. 92.

The defendant recovered judgment in the Court below, and the plaintiff moved for and obtained a new trial. The defendant appealed from the order granting a new trial.

*W. S. Wells*, and *Thomas M. Swan*, for Appellant.

*M. A. Wheaton*, for Respondent.

By the Court, SANDERSON, J.:

This case has been here before on two occasions, and will be found reported in 21 Cal. 92, and 28 Cal. 301. On the last occasion the judgment was reversed and the findings, so far as they related to the account between the parties, vacated, and as to the account, a new trial was granted or a re-accounting directed. Upon the return of the case to the Court below, it was referred to the Court Commissioner for the purpose of taking the account between the parties and reporting a judgment. The Commissioner having made his report, the plaintiff moved for a new trial, which was granted, and the case was again referred. The defendant has appealed from the order granting a new trial.

In taking the account for the year 1859, the referee found that the defendant had expended the sum of one thousand two hundred dollars in building a stone wall upon the premises; that said stone wall was necessary for the protection of the crops, and that it enhanced the rental value of the farm. He therefore, in stating the account for that year, charged the plaintiff with that sum. He also found that for the years 1858 and 1859 the defendant had paid taxes on the farm to the amount of one hundred and ninety-five dollars and nine cents, which sum he also charged against the plaintiff, making the plaintiff's debits for that year amount to one thousand three hundred and ninety-five dollars and nine cents. He further found that the defendant received seven hundred and

twenty dollars as net profits of the farm for that year. This sum he deducted from the amount of the plaintiff's debits for the same period (one thousand three hundred and ninety-five dollars and nine cents), leaving a balance against the plaintiff in the account for that year of six hundred and seventy-five dollars and nine cents.

It is claimed by the plaintiff that the finding that the defendant expended the sum of one thousand two hundred dollars in building a stone wall in 1859 is contrary to the evidence, and hence that the referee erred in charging the plaintiff with that sum in the account for that year.

We have examined all the evidence bearing upon the question to which our attention has been called by counsel. The record contains one hundred and thirty printed pages, and it is the duty of counsel to refer us to all the evidence bearing upon the question, and we assume that they have done so. Such being the case, we are unable to account for the finding in question. The defendant himself testified that he built in person during that year one hundred and twenty-four rods of stone wall; that two thousand yards more were built by one Fowler, who owned adjoining land, as a division fence between them, under an agreement that Fowler was to do the work and the defendant to furnish the materials. Now, as appears from the evidence, the materials were stone dug from the farm. They were then a part of the farm, and as much the property of the plaintiff as the land from which they were taken. Clearly, then, the farm furnished the materials and not the defendant. Fowler did all the work, as the defendant himself testifies. There was no expense, then, in connection with the two thousand yards built by Fowler which could be a charge in favor of the defendant against the plaintiff.

As to the one hundred and twenty-four rods built by the defendant, we think the testimony shows that the cost, whatever it was, was included with the expenses of the farm by the defendant when he stated the profits of that year at seven hundred and twenty dollars. So also as to the taxes for 1858 and 1859. He testified that he kept no regular books, but

paid as he went along. If he built the fence in 1859, and paid for it as he went along, its cost must have been included in the account of that year, the balance of which was not ascertained until March, 1860, at which time he sold the crop. He states that he then found himself with seven hundred and twenty dollars in hand, as the profits of the farm for 1859. This sum must, upon the evidence of the defendant himself, be taken as the balance of that year, over and above all expenses of farming, taxes and fencing; for, as he himself states, having paid as he went along, he found seven hundred and twenty dollars in his hands at the end of the transactions for that year. So, instead of being charged, at the end of the year, with the sum of six hundred and seventy-five dollars and nine cents, the plaintiff was entitled to a credit of seven hundred and twenty dollars according to the defendant's own showing. If by the statement that he had in hand in March, 1860, seven hundred and twenty dollars as the profits of the farm for 1859, he did not intend to be understood as including in the account of which that sum was a balance the taxes of 1858 and 1859, and the cost of fencing, it was his duty to so state in a manner not to be misunderstood; for in view of the date at which that sum was in hand being long after the close of the year, accompanied by the further statement that he had paid expenses as he went along, points, unless otherwise explained by him, to the unavoidable conclusion that the sum of seven hundred and twenty dollars was a balance in favor of the farm or the plaintiff over all expenses of every kind for that year.

In reply to this point it is claimed on the part of the defendant, that it was determined by us when the case was here last that the defendant was entitled to a credit of one thousand two hundred dollars for the cost of the stone wall. This claim is without the slightest foundation. We did not undertake to determine the validity or fix the amount of a single item in the account; on the contrary we vacated the entire proceedings as to the taking and stating of the account and directing a re-accounting from the beginning. We aimed to

do nothing further, and did nothing further than to declare the legal principles by which the taking of the account must be governed. Instead of holding that the cost of this fence must be allowed to the defendant, we stated the general rule to be that the cost of new and permanent improvements could not be allowed, except under special circumstances; and hence that the cost of the stone wall could not be allowed to the defendant unless the testimony showed that it was necessary for the protection of the crops (page 309). With reference to this particular item and one other referred to, we said in express terms: "But these items, as we have shown, cannot be disregarded upon the case as now presented by the record. We cannot, of course, tell how the case may appear after a new accounting." (Page 319.) Whether the fence actually cost the defendant anything, or whether the fence was necessary for the protection of the crops, we did not undertake to say. It is not within the province of this Court to find those facts. If the fence cost him nothing, he is entitled to no credit on account of it, even though its construction was necessary for the protection of the crops, or enhanced the rental value of the farm.

In addition to the errors committed by the Court Commissioner, in regard to the account for the year 1859, we understand counsel for the defendant as conceding that he also erred in stating the amount of interest which was due to the defendant at the commencement of that year, and allowed at least two hundred and forty-one dollars and fourteen cents too much, if not three hundred dollars, as claimed by the plaintiff; but it is claimed that neither of these errors or mistakes of the Commissioner necessitates a new trial, or, more properly speaking, a new accounting. We are at a loss to perceive how the Court can correct these errors without going over the entire account. They lie at the threshold, and the whole subsequent account is unsettled by them, making a retaking of the account unavoidable. This the Court was not

51

bound to do, and it is very clear, therefore, that it did not err in setting the whole account aside and again referring it.

The principles upon which the account must be taken are clearly stated in our former opinion, (28 Cal. 309,) and the referee ought to find no difficulty in following them. To avoid any further misapprehension, however, as to what was determined when the case was here before, we repeat that we did not determine the validity or amount of a single item of the account on either side, but only the legal principles applicable to the accounting.

Order affirmed.

Mr. Chief Justice CURREY did not express any opinion.