[No. 11837.   Department One. — May 20, 1887.]

P. A. RAYNOR, RESPONDENT, *v.* H. L. DREW, APPELLANT.

MORTGAGE — DEED GIVEN AS SECURITY — TITLE DOES NOT PASS BY — RIGHT OF POSSESSION. — A deed absolute on its face, given to secure the payment of a promissory note, is a mortgage, and does not convey the title, nor give the right of possession of the mortgaged premises to the mortgagee.

LEASE FOR INDEFINITE TERM — AGREEMENT NOT TO BE PERFORMED WITHIN YEAR — STATUTE OF FRAUDS. — A lease of real estate until such time as the lessor should pay the lessee a certain indebtedness is neither an agreement that by its terms is not to be performed within a year from the making thereof, nor an agreement for a leasing for a longer period than one year, and is not required to be in writing.

ID. — PROMISSORY NOTE — PAROL AGREEMENT CONTRADICTING — PAYMENT OF INTEREST — LEASE — RENT. — A stipulation in a parol agreement of lease, to the effect that the rent as it accrued should offset the interest on

a certain promissory note executed at the time of the agreement by the lessor to the lessee, is not contradictory of a provision in the note to the effect that if the interest was not paid as it became due it should be compounded.

ID. — MORTGAGE — POSSESSION BY MORTGAGEE UNDER LEASE — ADVERSE POSSESSION. — Where a mortgagee enters into possession of the mortgaged premises under a parol lease from the mortgagor for one year, by the terms of which the rent as it accrues is to be applied to the payment of the interest on the mortgage debt, his possession, under section 326 of the Code of Civil Procedure, cannot be held to be adverse until the expiration of five years from the last payment of rent.

ID. — REDEMPTION OF MORTGAGE — ACTION FOR AGAINST MORTGAGEE IN POSSESSION. — Under section 346 of the Code of Civil Procedure, an action to redeem a mortgage may be brought by the mortgagor against the mortgagee in possession at any time, unless the mortgagee has maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage.

ID. — REPAIRS BY MORTGAGEE — PERMANENT IMPROVEMENTS — LIABILITY OF MORTGAGOR FOR. — A mortgagee in possession may make such repairs on the mortgaged property as are reasonably necessary for its preservation, but cannot make permanent improvements, or things which conduce merely to his comfort or convenience.

ID. — MORTGAGOR WHEN NOT ESTOPPED TO DENY LIABILITY. — Where a mortgagee in possession erects permanent improvements on the mortgaged premises, but with full knowledge that the mortgagor could redeem, if he chose, under the belief that no redemption would be made, the mortgagor is not estopped from denying his liability for such improvements by reason of the fact that he knew they were being made, and did not object to them.

LANDLORD AND TENANT — REPAIRS BY TENANT — LIABILITY OF LANDLORD FOR. — A tenant is not entitled to reimbursement from the landlord for sums expended by him in repairing the leased premises, unless he notifies the landlord of his intention to repair, as provided by section 1942 of the Civil Code.

FINDING — CONFLICT OF EVIDENCE. — Where the evidence on a particular issue is conflicting, a finding thereon will not be disturbed on the ground that it is not supported by the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was brought to redeem a mortgage. The further facts are stated in the opinion.

*Byron Waters*, and *W. G. Webb*, for Appellant.

*Paris & Goodcell*, and *H. M. Willis*, for Respondent.

HAYNE, C. — On May 14, 1875, the plaintiff gave to the defendant an instrument in writing, which in form was an absolute deed. It is admitted by the pleading that this instrument was to secure the payment of a promissory note; and therefore it was a mortgage, and under the present doctrine, did not convey the title (*Taylor* v. *McLain*, 64 Cal. 514; *Healy* v. *O'Brien*, 66 Cal. 519), and did not give a right of possession. (Civ. Code, sec. 2927.) But at the time the plaintiff gave to the defendant a verbal lease of the premises for one year. The lease is alleged in the complaint to have been "until such time as the plaintiff should pay him said sum." This was neither "an agreement that by its terms is not to be performed within a year from the making thereof" (*Dougherty* v. *Rosenberg*, 62 Cal. 32), nor was it "an agreement for the leasing for a longer period than one year." (Browne on Statute of Frauds, sec. 32.) Such a lease, therefore, would not be void. The defendant testifies that he "leased the premises for a year, during which the note was to run," and the court found that it was for a year. There was probably a variance, but under the circumstances we do not think it misled the defendant to his prejudice, and therefore it was not material.

As part of the agreement of lease, it was stipulated that the rent was to offset the interest on the note. The defendant objected to oral evidence of this, as contradictory of the provision of the note that *if* the interest was not paid when due it was to be compounded. But the lease, although made at the time, was a separate and supplementary matter, and provided what was to be taken as payment of the interest, and hence was not in contradiction of the note.

There is a dispute about the amount of the rent. The plaintiff swears that it was to offset the interest, which would make it thirty-three dollars per month. The defendant swears in his answer that it was fifteen dollars per month, and in his evidence that it was twenty dol-

lars a month. The only other evidence was the testimony of experts that thirty-three dollars was too high a rent. The finding was in accordance with plaintiff's evidence, and under the well-settled rule as to conflict, it must be assumed here that such was the agreement.

The defendant entered and remained in possession up to the commencement of the action, which was on December 18, 1884. He paid the taxes and insurance, and made a good many repairs and improvements, but took no steps to get the title, either by foreclosure or otherwise.

The positions of the defendant, not involved in the foregoing, may be reduced to three.

1. It is contended that he had a five years' adverse possession. But he admits that he accepted a lease, and we do not see how he can be permitted to say that he did not enter under it. Any tenant might say the same thing. Having accepted the lease, and agreed that the rent was to be applied to keep down the interest, and then entered, his possession is conclusively presumed to have been under the lease. Being a tenant, his possession could not, under any circumstances, be held to be adverse until the expiration of five years from the last payment of rent. (Code Civ. Proc., sec. 326.) Under the contract, the rent was paid by the interest. It was the duty of the defendant to have credited such payments on the back of the note. It must be presumed that he did his duty,—at least, he cannot gain any advantage by neglecting it. Therefore it must be held that the rent was credited against the interest as long as defendant remained in possession under the agreement. And even if we say that there was no renewal of the lease by holding over, the possession could not commence to be adverse until five years from the expiration of the year, which would at most give the defendant an adverse possession of only three years and seven months.

2. It is urged that the plaintiff's claim to relief is

barred by lapse of time. The argument is, that the right of foreclosure is barred, and that the rights of redemption and foreclosure, being reciprocal, if one is barred the other must be. Such was undoubtedly the rule before the code. (*Cunningham* v. *Hawkins*, 24 Cal. 406; S. C., 85 Am. Dec. 502; *Arrington* v. *Liscom*, 34 Cal. 369; S. C., 94 Am. Dec. 722; *Espinosa* v. *Gregory*, 40 Cal. 58.) But perhaps it may be doubted whether the reason of the old equity rule applies under a system where no title passes to the mortgagee. If the title and right of possession remain in the mortgagor, and the lien of the mortgage is extinguished by lapse of time (Civ. Code, sec. 2911), what is it that the mortgagee has which can be redeemed? The old phraseology has come down to us, and found a place in the statute. But it is manifest that an action to "redeem" under these circumstances is in effect under our system merely an action to remove a cloud. And since a court of equity may require justice to be done as a condition of removing the cloud, why should there be any period of limitation for such an action?

Possibly the law-makers had this in view when they enacted the following section of the Code of Civil Procedure:—

"Sec. 346. An act to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, *unless* he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage."

Whatever view may be taken of this section, one thing is clear, viz., that if the mortgagee be in possession, the action to "redeem" may be brought at any time, provided there shall not have been an adverse possession of five years.

In the case of *Taylor* v. *McLain*, 60 Cal. 651, the above

section was not cited to the court, and it escaped atten-
tion. But whether or not this circumstance takes away
the authority of the case, the record shows that the
mortgagee was not in possession of the mortgaged prem-
ises in that case, and therefore the case may be distin-
guished. It is therefore not necessary to decide whether
section 346 changes the old rule where the mortgagee is
not in possession.

3. It is contended that the defendant should have been
allowed a greater sum for repairs and improvements.
He was allowed $158 for taxes, $202.50 for insurance, and
$337.45 for repairs, making $697.95 in all. It does not
clearly appear what repairs are included in the $337.45.

The defendant, in his character of tenant, was not en-
titled to any sum for repairs, for the reason that he gave
no notice of his intention to make them. (Civ. Code,
sec. 1942.) If in his character of mortgagee he was en-
titled to do anything which he could not do as tenant,
then the general rule would apply, viz., that the mortgagee
may make such repairs as are reasonably necessary for
the preservation of the property, but not permanent
improvements, or things which conduced merely to his
comfort or convenience. (2 Story's Eq. Jur., sec. 1016 b; 3
Pomeroy's Eq. Jur., sec. 1217; *Hidden* v. *Jordan,* 28 Cal.
309; S. C., 32 Cal. 401; *Murdock* v. *Clark,* 59 Cal. 695; *Moore*
v. *Cable,* 1 Johns. Ch. 384.) The cases which go beyond
this rest upon grounds of equitable estoppel. Applying
this rule, we cannot say that there was error in the action
of the court below with reference to the defendant's rights
as mortgagee.

Then, was there any ground of equitable estoppel?
The finding is, that "none of said improvements were
made with the consent or acquiescence of the plaintiff."
The evidence shows that nothing was said on the subject,
but that the plaintiff in passing and repassing the prop-
erty must have seen at least some of the work in progress
or completed, and that he made no objection. When

asked at the trial why he had kept silent, he answered: "Because I did not want him to foreclose till I was ready to take it up."

It is essential, however, to any claim of this character on the part of the defendant that he acted in ignorance of his real position. *(Boggs* v. *Merced Mining Co.,* 14 Cal. 368; *Kelly* v. *Taylor,* 23 Cal. 15; *Carpentier* v. *Thirston,* 24 Cal. 281; *Maine Boys T. Co.* v. *Boston T. Co.,* 37 Cal. 50.) The defendant's state of mind is shown by his own statement. He says: "I went on and made certain improvements on the place. I made up my mind that the place was mine, *from the fact that the place was n't worth the money,* even if Mr. Raynor agreed to redeem it, or had the money to redeem it. *I of course knew he could redeem within a short time if he saw fit to,* and the property not being worth that, I was satisfied he would n't do it."

The other points do not require special mention.

We therefore advise that the judgment and order be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.