[No. 13174. In Bank. — September 3, 1889.]

## DELIA HALL, Administratrix, Appellant, *v.* JAMES ARNOTT et al., Respondents.

Mortgage — Deed Intended as Security — Title — Right of Possession — Cloud on Title — Redemption — Extinction of Lien. — A deed intended as a mortgage for a debt from the grantor to the grantee does not pass the legal title as between the parties, nor confer a right of possession upon the grantee; but merely operates as a mortgage between them; yet, being absolute in form, it constitutes a cloud on the title of the grantor which he may remove upon doing equity by redemption and payment of the mortgage debt, regardless of possession by the grantee; and he must do equity by payment of the balance of the debt, as a condition of removing the cloud, though the lien of the mortgage be extinguished by failure of the grantee to foreclose it.

Id. — Mortgages upon Distinct Properties for Same Debt — Foreclosure — Waiver — Demurrer for Misjoinder. — There can be but one action to enforce the same debt secured by distinct mortgages upon real property, and if the plaintiff forecloses but one of them, he waives and nullifies the lien of the other mortgage. The fact that an attempt was made to foreclose both mortgages in the same suit, and that a demurrer for misjoinder of causes of action was sustained, will not preserve the lien, if it does not appear that the complaint contained appropriate allegations to make evident the necessary connection between the two mortgages.

Id. — Limitation of Action to Redeem. — Under section 2903 of the Civil Code, an action to redeem a mortgage may be brought by the mortgagor at any time after the obligation becomes due, and before foreclosure, regardless of the running of the statute of limitations against the principal obligation, unless the mortgagee has previously acquired a title to the premises by adverse possession for the period of five years.

Id. — Redemption as Related to Title — After-acquired Title. — The mortgagor may sue to redeem from the mortgage regardless of whether he has a valid title to the mortgaged premises or not. But when he redeems from a deed absolute on its face which was intended as a mortgage, he is entitled to a reconveyance only of the interest conveyed by him, and cannot claim a conveyance of any adverse or superior title which may have been thereafter acquired by the mortgagee.

Mining Claim — Relocation — Pleading — Inconsistent Averments — Surplusage. — A complaint alleging a relocation of a mining claim by defendants for the purpose of securing a patent, when the ground was owned by plaintiff, and was not subject to relocation, makes a contradictory and superfluous allegation as to the relocation, which should be disregarded as surplusage, since a valid location or relocation can be made only when the ground is open to exploration and appropriation.

Id. — Ownership of Mining Claim — Pleading. — A pleading not containing a general averment of ownership of a mining claim must aver

all the facts necessary to constitute such ownership. An averment that the land was vacant public land, and that a notice of location was posted thereon, is not sufficient.

FINDINGS. — Findings upon issues not properly presented by the pleadings must be disregarded.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order denying a new trial.

The facts are stated in the opinion.

*Gray & Sexton,* and *Smith & Ford,* for Appellant.

*P. Vanclief,* for Respondents.

GIBSON, C.—Action to redeem from a mortgage in form of a deed absolute.

On the seventh day of August, 1882, one Charles Waterhouse became the owner of an undivided one-tenth interest in the Pacific Mining Claim, situated in the Port Wine district, in Sierra County, and in conjunction with N. B. Abbott and S. M. Boyce on the same date executed and delivered to James Arnott and Thomas Baird, who were mining partners at the time, a deed absolute in form, conveying said one-tenth interest in the Pacific Mining Claim to secure the payment of money due from Waterhouse to the grantees, the amount of which was then unascertained. At the time of the conveyance and prior thereto, Boyce, as a mortgagee of Waterhouse, had a mortgage lien upon the latter's interest in the claim, and Abbott claimed adversely to Waterhouse, which lien and adverse claim were satisfied and extinguished by Waterhouse on the date mentioned, and thereupon Boyce and Abbott joined with Waterhouse, for his benefit, in the conveyance to Arnott and Baird.

Baird died on September 29, 1882, leaving Arnott the sole survivor of the mining partnership. Thereafter, on December 20, 1882, Waterhouse executed another deed absolute in form, conveying to Arnott certain additional mining claims and water rights in the same county, as

additional security for the payment of the indebtedness secured by the first deed and of any additional present or future indebtedness of Waterhouse to the defendants Arnott, Baird, and Van Clief.   Defendant Arnott at the same time executed and delivered back to Waterhouse an agreement reciting, among other things, "that both of said conveyances [deeds of August 7, 1882, and December 20, 1882] were executed, and the legal title thereby conveyed, is held in trust to secure the payment of the indebtedness of said Waterhouse to the following persons: . . . . On the payment of all the above-mentioned indebtedness, I hereby agree to reconvey, or cause to be reconveyed, to said Waterhouse all the described property."

In the same court in which this action was tried, on the thirty-first day of July, 1884, in an action for that purpose, prosecuted by James Arnott, and all the defendants herein except Henderson, as plaintiffs, against Charles Waterhouse as defendant, a decree was entered foreclosing as a mortgage the deed of December 20, 1882, and ordering the premises therein described to be sold to satisfy all the indebtedness of Waterhouse to Arnott individually, and as the surviving partner of Thomas Baird, deceased, Isabella Baird, and P. Van Clief, adjudicated to be the sum of $13,684 and costs.   Thereafter, upon an order of sale duly issued, the sheriff returned that he had sold the property to Arnott, the highest bidder, for $12,571, and that $1,505, together with $325.32 for fees, remained unsatisfied.   No personal judgment was docketed for this deficiency, or any part thereof.

In that foreclosure suit an attempt was made in the original complaint to foreclose as a mortgage the deed of August 7, 1882, but upon a demurrer to such complaint for a misjoinder of causes of action being sustained, it was abandoned by omitting it from the amended complaint, upon which the suit was tried.

On the twenty-first day of December, 1885, Arnott, still holding whatever interest he may have acquired by the deed of August 7, 1882, with others, to the exclusion of Waterhouse, relocated the Pacific Mining Claim, under the name of the Manzanita Placer Company Claim.

Waterhouse, by deed dated May 31, 1887, conveyed all his interest in the Pacific Mining Claim to Robert Hall, who, on the twenty-fifth day of October, 1887, tendered to defendant Arnott the sum of $1,854 as the full amount of the remainder due on the decree of foreclosure in *Arnott* v. *Waterhouse*, and demanded a reconveyance of the mining property conveyed by the deed of August 7, 1882.

The tender and a demand for reconveyance were refused, and thereupon Hall brought this action to obtain a reconveyance of the one-tenth interest in the Pacific Mining Claim. Defendants resisted, on the grounds that the deed of August 7, 1882, was not a trust deed conveying the legal title, but merely a mortgage, and that a release could not be had until two thousand five hundred dollars, the remainder of all the indebtedness, secured by both deeds and determined by the proceedings in *Arnott* v. *Waterhouse*, was fully paid; that as no trust relation existed between Waterhouse, the grantor, to plaintiff herein, and defendants Arnott and Baird, but merely that of mortgagor and mortgagee, the relocation of the Pacific Mining Claim by Arnott and others, to the exclusion of Waterhouse, did not inure to the benefit of Waterhouse, and as the indebtedness secured by the deed of August 7, 1882, was barred by the statute of limitations, the right of redemption, evidenced by the instrument dated December 20, 1882, executed and delivered by Arnott to Waterhouse, was also barred.

These defenses prevailed, and judgment that plaintiff has no cause of action against defendants, and that defendants be discharged from all things alleged against them, passed for the defendants, from which, and an order denying a new trial, this appeal is taken.

Before the appeal was perfected, Robert Hall died, and his wife, as administratrix, was substituted in his stead.

From the view we take of the cause, the judgment and order must be reversed.

The deed of August 7, 1882, although a deed absolute in form, having, as admitted by the pleadings, been given to secure an existing indebtedness of the grantor to all of the defendants except Henderson, as between the parties thereto, did not pass the legal title, but merely operated as a mortgage between them (Civ. Code, sec. 2924; *Montgomery v. Spect,* 55 Cal. 352; *Taylor v. McLain,* 64 Cal. 513; *Healy* v. *O'Brien,* 66 Cal. 519; *Raynor* v. *Drew,* 72 Cal. 307; *Booth* v. *Hoskins,* 75 Cal. 271), and gave a mortgage lien only upon the property that would have passed if the deed had been intended as an absolute grant of the property, instead of as a mortgage. (Civ. Code, sec. 2926.) The defeasance executed by Arnott to Waterhouse on December 20, 1882, and reciting that the legal titles conveyed by both deeds would be reconveyed upon the payment of the indebtedness secured by both deeds therein mentioned, did not change the effect of the deed of August 7, 1882, in view of the purpose for which the said deed was given.

The fact of an existing indebtedness between the parties thereto, at the time of the execution of the deed, and the object for which it was executed, and the continuation of the relation of debtor and creditor having been admitted, the court properly found that the deed was not intended as a trust deed conveying the legal title to the property, but merely a security for the payment by Waterhouse of the indebtedness existing at the time it was executed, and afterward incurred by him, in accordance with the terms of the defeasance of December 20, 1882, executed and delivered by Arnott to Waterhouse. (*Montgomery* v. *Spect,* 55 Cal. 352.)

A mortgagee is not entitled to the possession of the mortgaged property, unless expressly provided for by

the terms of the mortgage. (Civ. Code, sec. 292.) The deed in controversy being a mortgage, which did not pass the legal title, did not give the right of possession; and as there is no evidence of an agreement, written or verbal, between Waterhouse and Arnott and Baird, or either of them, relating to the possession of the mortgaged property, the finding of the court that there was no such agreement is impregnable.

The other portion of the same finding, to the effect that none of the defendants ever entered into and retained the actual possession of the ground, unless Arnott and Henderson acquired a constructive possession thereof under their notice of relocation of the ground, comes within the rule that when there is a substantial conflict in the evidence, this court will not disturb a finding based thereon.

The contention of plaintiff regarding the alleged possession of the ground by defendants is upon the theory that if the deed in controversy is a mortgage only, and defendants Arnott and Henderson — the latter representing the interest of his sister, the defendant Isabella Baird, relict of Thomas Baird, deceased — were in possession of the property as mortgagees, there was no breach or violation of the mortgage upon which they could hold adversely to the mortgagor and his successors until the relocation of the claim by Arnott and Henderson and their co-locators on December 21, 1885, and five years not having elapsed from that time until the suit was commenced, plaintiff is entitled to redeem, under section 346 of the Code of Civil Procedure and *Raynor* v. *Drew, supra.* We are, however, of the opinion that on the facts in this case plaintiff can redeem, regardless of whether the actual possession was held by defendants or not.

The Code of Civil Procedure, section 726, provides that there can be but one action for the recovery of any debt secured by mortgage upon real estate. In apply-

ing this section in *Ould* v. *Stoddard,* 54 Cal. 613, it was
held that a mortgagee who commenced and prosecuted
a suit to final judgment in the state of Ohio, upon a
promissory note secured by a mortgage upon land in
this state, exhausted his remedy upon both the note and
security, and could not thereafter maintain a suit to
foreclose the mortgage.

It is therefore apparent that as the deed in contro-
versy was for the benefit of the same parties as those to
the deed of December 20, 1882, and to secure the same
indebtedness, although upon different property, it should
by appropriate allegations in the amended complaint in
*Arnott* v. *Waterhouse,* in which the last-mentioned deed
was foreclosed, have been included and foreclosed. It is
no excuse to say that the court sustained a demurrer to
the complaint in which an effort was made to include it,
as we are bound to presume that the ruling of the court
was correct and the complaint insufficient to make evi-
dent the necessary connection between the two deeds.

The plaintiffs in that suit exhausted their remedy upon
their security, and by failing to include the deed in con-
troversy, waived any security afforded by it, and the lien
thereby given was nullified. (See *Mascaral* v. *Raffour,*
51 Cal. 242.)

The lien created by the instrument having been thus
nullified and extinguished, and the leading title and
right of possession having remained in the mortgagor,
it may be said that there is nothing to redeem. But the
instrument, being a deed absolute in form, constitutes a
cloud upon whatever interest the grantor may have had
in the property therein described at the time it was exe-
cuted, or that he or his successors in interest may have
subsequently acquired. The plaintiff is in equity enti-
tled to have such cloud removed upon doing equity, in
paying the remainder due upon the decree of foreclosure
in *Arnott* v. *Waterhouse.* (*Raynor* v. *Drew, supra;* and
*Booth* v. *Hoskins, supra; Cazara* v. *Orena, ante,* p. 132.)

The court found such remainder to be $1,854, and the amount proper to be paid, in the event of the plaintiff being entitled to redeem; and also found that no personal judgment for such deficiency had been docketed. This latter fact does not affect plaintiff's remedy, because the mortgagees having waived their first mortgage, which was to secure the same indebtedness, but upon different property, exhausted their security, and could not obtain a personal judgment for any deficiency, until they exhausted their security, not by waiver, but by sale on foreclosure. (Code Civ. Proc., sec. 726; *Biddel* v. *Brizzolara*, 64 Cal. 354.)

It is urged by the defendants that the indebtedness secured by the instrument of August 7, 1882, being barred as found by the court, that the right to redeem is also barred.

"Such," said this court in *Raynor* v. *Drew, supra,* "was undoubtedly the rule before the code.. (*Cunningham* v. *Hawkins*, 24 Cal. 406; 85 Am. Dec. 73; *Arrington* v. *Liscomb*, 34 Cal. 369; 94 Am. Dec. 722; *Espinosa* v. *Gregory*, 40 Cal. 58.) But perhaps it may be doubted whether the reason of the old equity rule applies under a system where no title passes to the mortgagee." By the Civil Code, section 2903, "every person having an interest in property subject to lien has a right to redeem it from the lien at *any time* after the claim is due, and *before* his right of redemption is foreclosed."

It is evident that this section changed the rule laid down in the cases cited in *Raynor* v. *Drew*, and is intended to give the mortgagor, or other persons interested, the privilege at any time after the principal obligation becomes due, to have the lien extinguished that would otherwise cloud their title, upon paying the debt, regardless of the running of the statute of limitations against the principal obligation. This conclusion renders it unnecessary to consider whether the indebt-

edness secured by the instrument in question was barred
or not at the commencement of this action.

The only limitation upon this right to redeem is when
the mortgagee, or any one claiming under him, has con-
tinuously maintained an adverse possession of the prem-
ises mortgaged for five years after the breach of some
condition of the mortgage. (Code Civ. Proc., sec. 346.)

It is apparent that such adverse possession would not
operate upon the lien alone, but would attack and over-
come the legal title, and in effect would be the same as if
a stranger to the title should obtain actual possession by
a trespass, and succeed in holding adversely for the statu-
tory period.

Assuming that Waterhouse, after he executed the deed
of August 7, 1882, forfeited or abandoned his interest in
the mortgaged property, and the defendants, while the
ground was open to appropriation, relocated the ground,
as found by the court, and thereby acquired the highest
title obtainable thereto against Waterhouse and all others
except the United States, plaintiff would still be entitled
to redeem. (*Lorenzana* v. *Camarillo*, 45 Cal. 125.)

This last case was an action to redeem from a mort-
gage in form of a deed absolute. The plaintiffs were
husband and wife, the mortgaged property being the
separate property of the latter. Both joined in the in-
strument, but it was found that the acknowledgment by
the wife was not properly taken, her husband having
been present at the time. Defendant urged that as the
mortgaged property belonged to the wife separately, and
as she did not join in the deed, her husband had no
right to convey, and consequently no right to redeem.
On this the court said:—

"There is nothing in the point that it appears in the
amended complaint that Manuel Lorenzana, who seeks
to redeem from the mortgage he gave to Camarillo, had
no title to the mortgaged premises. His right to redeem
springs from the fact of the execution and delivery of

the mortgage, and in such a case it is no concern of the mortgagee whether or not the mortgagor, in point of fact, has a valid title to the mortgaged premises or any part thereof."

All that the plaintiff can receive by the reconveyance demanded by him is whatever passed by the mortgage deed of August 7, 1882. He certainly cannot obtain by · nor require in such a reconveyance any adverse or superior title subsequently and in good faith acquired by the mortgagees; and a reconveyance from the mortgagees should be limited to the interest conveyed by the deed referred to.

In *Miller* v. *Thayer*, 74 Cal. 351, an action to redeem from the mortgage in the form of a deed absolute, with a defeasance in which a reconveyance was demanded, it was held: " This was certainly a proper, perhaps the only, mode of entering upon the record evidence of the satisfaction of such a mortgage."

Regarding the relocation of the mortgaged mining ground by the defendants, this relocation was set up in defendants' answer to meet the allegation in plaintiff's complaint, to the effect that while the ground was not open or subject to appropriation, it was relocated for the sole purpose of facilitating the procurement of a patent therefor from the United States.

A valid location or relocation of a mining claim can be made only when the ground is open to exploration and appropriation. (U. S. Rev. Stats., sec. 2319; *Taylor* v. *Middleton*, 67 Cal. 656; and numerous other decisions of this court.) And a relocation for the sole purpose of correcting an error in the original location can only be made when the rights of the others have not intervened between the acts, and cannot change or affect the title to the same ground acquired by the original location. Therefore, these allegations in plaintiff's complaint were contradictory and ·superfluous, and should have been disregarded.

Defendants' answer does not contain a positive averment of ownership of the mining property in question, nor of facts sufficient to show the ownership of the ground by the defendants. The averment that the ground was vacant public land, and that a notice of location was thereon posted, is insufficient. (*Jones* v. *Jackson*, 9 Cal. 238.)

When a general statement of ownership of a mining claim is not made in a pleading, the pleading must show all the facts necessary to constitute such ownership. Hence, as there was no issue as to ownership tendered by the pleadings, the finding of the fact relative to the relocation of the ground must be disregarded.

We therefore advise that the judgment and order be reversed, and the cause remanded, with the direction that judgment for plaintiff be entered in accordance with this opinion

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reason given in the foregoing opinion, the judgment and order are reversed, and the cause remanded, with the direction that judgment for plaintiff be entered in accordance with the above opinion.

Rehearing denied.