POWER & IRRIGATION CO. OF CLEAR LAKE v. CAPAY DITCH CO.
et al.

(Circuit Court of Appeals, Ninth Circuit.   October 4, 1915.)

No. 2500.

1. MORTGAGES ⊚⟶32—TRANSACTION—STATUTE.

Under Civ. Code Cal. § 2924, declaring that every transfer of an interest in property as security for the performance of another act is a mortgage, section 2888, declaring that, notwithstanding an agreement to the contrary, a lien transfers no title to the property subject thereto, and Code Civ. Proc. Cal. § 744, providing that a mortgage shall not be deemed a conveyance so as to enable the mortgagor to recover possession without foreclosure and sale, a transaction whereby the complainant's predecessor, owning and in possession of land, borrowed money from defendant and executed its promissory note, and to secure the note executed a deed absolute in form, was a "mortgage."

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 60–66, 84–94; Dec. Dig. ⊚⟶32.

For other definitions, see Words and Phrases, First and Second Series, Mortgage.]

2. LIMITATION OF ACTIONS ⊚⟶167—SECURITY—LIEN—EXTINGUISHMENT.

Where mortgage notes were barred by the limitation of Code Civ. Proc. Cal. § 337, the lien created by the mortgage was thereby extinguished under the express provision of Civ. Code Cal. § 2911.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 652; Dec. Dig. ⊚⟶167; Mortgages, Cent. Dig. § 1599.]

3. QUIETING TITLE ⊚⟶1—FORM OF ACTION—ALLEGATIONS.

Where complainant, the owner of the legal title to land, had mortgaged it by deed absolute in form to secure its indebtedness to the defendant, which mortgage lien had been extinguished by operation of law before the commencement of the suit, and the other defendants had taken with full knowledge of the nature of the conveyance, a bill for an accounting, etc., was a bill to quiet title to the land in question.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 1, 2; Dec. Dig. ⊚⟶1.]

4. QUIETING TITLE ⊚⟶14—CONDITIONS PRECEDENT.

The mortgagor will be required to pay the mortgage debt as a condition of redeeming, though the lien is extinguished because equity requires every one seeking equity to do equity.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 46; Dec. Dig. ⊚⟶14.]

5. COURTS ⊚⟶312—UNITED STATES COURTS—JURISDICTION.

A bill in the nature of a mortgagor's bill to redeem, based upon the effect imposed by state statute upon the instrument executed by complainant's predecessor to defendant, and upon the conveyance of the legal title to the land by the trustees of the complainant's predecessor to complainant, was not a suit based upon a chose in action within Judicial Code, § 24 (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1913, § 991]), providing that no District Court shall have cognizance of any suit to recover on a chose in action unless it might have been prosecuted in such court if no assignment had been made.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. ⊚⟶312.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; M. T. Dooling, Judge.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by the Power & Irrigation Company of Clear Lake, a corporation, against the Capay Ditch Company, a corporation, Yolo County Consolidated Water Company, a corporation, Yolo Water & Power Company, a corporation, J. M. Adamson, L. D. Stephens, and Joseph Craig. Judgment for defendants dismissing the suit (D. C.) 213 Fed. 399, and plaintiff appeals. Reversed and remanded.

This is an appeal from the judgment of the court below, dismissing the suit for lack of jurisdiction.

The bill alleges that the plaintiff was incorporated under the laws of the state of Arizona April 9, 1913, and that the defendants Capay Ditch Company, Yolo County Consolidated Water Company, and Yolo Water & Power Company are corporations of the state of California, and that each of the individual defendants is a resident and citizen of California. It then alleges that on the 13th day of November, 1907, a corporation of California called Central Counties Land Company was the owner and in the possession of certain specifically described tracts of land situated in the county of Lake, state of California, aggregating 2,125 acres, which Land Company, on the day named, borrowed of and received from the defendant Capay Ditch Company three several sums of money aggregating $24,570.75, for each of which the Land Company executed to the Ditch Company its promissory note, bearing interest at the rate of 7 per cent. per annum, to secure the payment of which notes, and for that purpose only, it executed to the Ditch Company, at the same time, an instrument in writing, in form a grant, bargain, and sale deed, purporting to grant to the Ditch Company all of the said tracts of land, but containing this clause: "This conveyance is made, executed and delivered in pursuance of a resolution of the board of directors of Central Counties Land Company duly adopted under the provisions of law and the by-laws of said corporation, authorizing and directing the president and secretary to make, execute and deliver this conveyance."

The bill alleges not only that the parties to the instrument intended it as a mortgage only, but that the resolution of the board of directors of the Land Company so referred to in the purported deed in terms so expressly declared.

It further alleges that the Ditch Company subsequently, to wit, on the 20th day of March, 1908, caused the said purported deed to be duly recorded in the records of the said county of Lake; that with full knowledge of the true nature of the said instrument on the part of the defendant Yolo County Consolidated Water Company, the defendant Ditch Company executed to it, on the 18th day of December, 1911, an instrument in writing, in form a grant, bargain, and sale deed, wherein and whereby the Ditch Company purported to convey to the Yolo County Consolidated Water Company all of the said real property; that thereafter and with the full knowledge of the defendants L. D. Stephens and Joseph Craig as to the true nature of the said purported deeds, the defendant Yolo County Consolidated Water Company executed to them an instrument in writing, in the form of a grant, bargain, and sale deed, wherein and whereby it purported to convey to the said individual defendants all of the said real property, and that subsequently the said individual defendants, Stephens and Craig, executed to the defendant Yolo Water & Power Company, with full knowledge on its part as to the true nature of the said instruments, a deed in form purporting to convey to it the said real property; that prior to the said 18th day of November, 1907, the defendant J. M. Adamson entered into the possession of the whole of the said described real estate as the tenant of the said Central Counties Land Company, and duly attorned to it, paying to it the rental due therefor at the rate of about $200 per annum, and regularly paid such rental for all the years preceding the year ending on or about November 30, 1911; that said Central Counties Land Company through inadvertence and oversight failed to pay its license tax to the state of California due in the year 1911, by reason of which its right to do business as a corporation became and was forfeited on the day last mentioned, whereupon all of the former directors of the said corporation became, under and by virtue of the

provisions of the laws of the said state, trustees of the corporation for the benefit of its creditors and stockholders; that the defendant Adamson has continued in the possession of all the said real property, but that since the said forfeiture by the said Land Company of its charter the said Adamson has refused to pay the rental of the said property either to the said Land Company or to its trustees, and without the consent of either the Land Company or of its trustees or of its or their successors has attempted to attorn to the defendant Yolo Water & Power Company, and now claims to be in the possession of the said property as the tenant of the said last-mentioned company.

The bill further alleges, among other things, that by mesne conveyances from the trustees of the said Central Counties Land Company all of the title to the said real property has become and is now vested in the plaintiff.

It further alleges that the said Central Counties Land Company had planned to erect a dam for the purpose of impounding the flood waters of Clear Lake in the state of California, and to that end to build a dam at the outlet of that lake for the purpose of maintaining and holding flood waters of the lake at high-water mark, and that the said Land Company during its existence held the said described real estate particularly and principally for this purpose, and that the trustees of said Land Company, after it ceased to exist as a corporation, continued to hold the said lands for that purpose, all of which was at all times well known to the defendants, and to each of them; that it is the plan and purpose of the plaintiff to use the said real estate for the same purpose as was planned by the Land Company, and that the plaintiff is duly authorized by its charter to make such use thereof; that the said real estate contains a portion of the only available dam site for impounding the waters of the said Clear Lake, and that the outlet of the lake runs through the said land, and that without the use of that it would be impossible to store the flood waters of the lake, or for the plaintiff to carry out the purposes of its incorporation as to the said lake; that at the time the execution of the said instrument by the Ditch Company purporting to convey the said real estate to the defendant Yolo County Consolidated Water Company, and at the time of the execution by the last-mentioned company of the said instrument purporting to convey the said lands to the defendants Stephens and Craig, the said defendants Ditch Company, Yolo County Consolidated Water Company, Stephens, and Craig were each and all indebted to the trustees of the said Central Counties Land Company in the sum of $15,825, the same being the balance due from them for and on account of their subscription to 633 shares of the capital stock of the said Central Counties Land Company, which stock was issued to and received by them, the par value of which was $100, but upon which said stock they had only paid into the said Central Counties Land Company $75 per share, and that at the time the said defendants Capay Ditch Company, Yolo County Consolidated Water Company, Stephens, and Craig were indebted to the said trustees of the said Central Counties Land Company in the sum of $15,825 for and on account of the balance due from them on said stock subscription, and in divers other large sums, the aggregate of which is in excess of any amount due from the said Central Counties Land Company for and on account of the said promissory notes so secured by the said deed from the said Land Company to the said defendant Capay Ditch Company, and that the amount so due from the said defendants Capay Ditch Company, Yolo County Consolidated Water Company, Stephens, and Craig to the said Central Counties Land Company and its trustees, or their successors in interest, was and has been and is more than sufficient to satisfy the demands of the said defendants, or any or either of them, for or on account of the aforesaid promissory notes; that contemporaneously with their aforesaid transfer to the plaintiff of the aforesaid lands, the said trustees of the said Central Counties Land Company also transferred to the plaintiff all of their said demands against the said defendants Capay Ditch Company, Yolo County Consolidated Water Company, L. D. Stephens, and Joseph Craig, all of which demands then remained, and still remain, due; that the defendant Yolo Water & Power Company threatens to and will, unless restrained therefrom, proceed to construct, and will construct, a dam upon the

said real property, and will construct controlling works thereon, and will cause a considerable portion of the said lands to be flooded; that the plaintiff is the owner and in possession of a large portion of the frontage of the said Clear Lake, and that if such dam is built the waters of that lake will thereupon be raised and impounded, and all of the said lands of the plaintiff will be flooded. The bill further alleges that the appointment of a receiver to take charge of the said property and to collect the rentals thereof pending the litigation is necessary in order to preserve it from waste and injury, and further alleges its ability and willingness to pay such sum as may be found upon an accounting to be justly due from it for principal and interest on the said promissory notes, and prays, among other things, for the appointment of a receiver, an injunction restraining the erection of the alleged threatened dam and the flooding of the said lands, to be let into the possession of the property, for an accounting, and for general relief.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for appellant.

S. C. Denson, John S. Partridge, Alan C. Van Fleet, A. E. Shaw, Bert Schlesinger, Denson, Cooley & Denson, and Mastick & Partridge, all of San Francisco, Cal., for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge (after stating the facts as above). Holding that the suit was based upon a chose in action the court below dismissed it because of the provision of section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1913, § 991]) which declares:

"No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

In so holding we are of the opinion that the court was in error.

[1] Briefly stated, the case made by the bill is primarily founded upon the fact that the complainant's predecessor in interest, the Central Counties Land Company, being the owner and in possession of the lands therein described, borrowed from the defendant Capay Ditch Company certain moneys, executing therefor its promissory notes, to secure the payment of which with interest it executed to the Ditch Company a deed to the property absolute in form, and that each of the other defendants took, in turn, whatever interest they acquired under that instrument, with full knowledge that, although a deed absolute in form, it was given only as security for moneys loaned by the purported grantee to the purported grantor. The Civil Code of California expressly declares, in section 2924:

"Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage."

And the Supreme Court of the state has many times decided that, no matter how strong the language of the instrument employed by the parties may be, if it was intended merely as security for the payment of a debt, the law fixes its character as a mortgage only; it is not at

all a matter of contract, but of law. Indeed, by section· 2888 of the same Code it is declared that:

"Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien."

And section 744, Code Civ. Proc., in terms provides:

"A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

See, among the numerous California cases, Todd v. Todd, 164 Cal. 255, 128 Pac. 413; Shirey v. All Night and Day Bank, 166 Cal. 50, 134 Pac. 1001; Woods v. Jensen, 130 Cal. 200, 62 Pac. 473; Moisant v. McPhee, 92 Cal. 76, 28 Pac. 46; Smith v. Smith, 80 Cal. 325, 21 Pac. 4, 22 Pac. 186, 549.

It results that the purported deed from the complainant's predecessor in interest, Central Counties Land Company, to the Capay Ditch Company, passed no title to any of the lands described in the bill, and that the title thereto, remaining in the purported grantor, subsequently passed, according to the averments of the bill, from the trustees of the Central Counties Land Company to the complainant by deed, and so remained at the time of the commencement of the suit.

[2] But it further appears from the averments of the bill that the promissory notes executed by the complainant's predecessor in interest, for the security of the payment of which the mortgage was given, were dated November 18, 1907, and were due and payable August 1, 1908, and therefore had become barred by the state statute of limitations (section 337, Code Civil Proc.) prior to the commencement of the suit. In those circumstances the law is that the lien created by the ·mortgage upon the property described in the bill thereupon became extinguished, for it is expressly declared by section 2911 of the Civil Code of California that:

"A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

[3] We have, then, a case, according to the allegations of the bill, where the complainant is the owner of the legal title to the lands described in the bill, upon which a mortgage that had been executed by its predecessor in interest to secure its debt to the defendant Capay Ditch Company had become extinguished prior to the commencement of the suit, but where the instrument creating the mortgage was in form a deed absolute, the rights of which mortgagee had, during the life of the mortgage, passed to its codefendants with full knowledge of the true character of the purported deed, which deed still stands upon the records of the county in which the lands are situate, and is therefore a cloud upon the true title thereto.

While the present bill is styled a "bill to redeem," it is, in truth, a bill to quiet the complainant's alleged title to the lands in question, and among its allegations is an offer on the part of the complainant to pay to the defendants whatever may be found to be justly due

them on the original indebtedness of its predecessor in interest to the defendant Capay Ditch Company.

In the case of Raynor v. Drew, 72 Cal. 307, 309, 310, 311, 13 Pac. 866, the Supreme Court of that state said:

"On May 14, 1875, the plaintiff gave to the defendant an instrument in writing, which in form was an absolute deed. It is admitted by the pleading that this instrument was to secure the payment of a promissory note, and therefore it was a mortgage, and under the present doctrine did not convey the title (Taylor v. McLain, 64 Cal. 514 [2 Pac. 399]; Healy v. O'Brien, 66 Cal. 519 [6 Pac. 386]), and did not give a right of possession. Civ. Code, § 2927.

\* \* \*

"2. It is urged that the plaintiff's claim to relief is barred by lapse of time. The argument is that the right of foreclosure is barred, and that, the rights of redemption and foreclosure being reciprocal, if one is barred the other must be. Such was undoubtedly the rule before the Code. Cunningham v. Hawkins, 24 Cal. 406, 85 Am. Dec. 73; Arrington v. Liscom, 34 Cal. 369, 94 Am. Dec. 722; Espinosa v. Gregory, 40 Cal. 58. But perhaps it may be doubted whether the reason of the old equity rule applies under a system where no title passes to the mortgagee. If the title and right of possession remain in the mortgagor, and the lien of the mortgage is extinguished by lapse of time (Civ. Code, § 2911), what is it that the mortgagee has which can be redeemed? The old phraseology has come down to us and found a place in the statute. But it is manifest that an action to 'redeem' under these circumstances is, in effect, under our system merely an action to remove a cloud. And since a court of equity may require justice to be done as a condition of removing the cloud, why should there be any period of limitation for such an action?"

In the later case of Hall v. Arnott, 80 Cal. 348, 354, 22 Pac. 200, the same court again held that a deed intended as a mortgage for a debt from the grantor to the grantee does not pass the legal title as between the parties, nor confer a right of possession upon the grantee, but merely operates as a mortgage between them, yet, being absolute in form, it constitutes a cloud on the title of the grantor which he may remove upon doing equity by redemption and payment of the mortgage debt, regardless of possession by the grantee, and that he must do equity by payment of the balance of the debt, as a condition of removing the cloud, though the lien of the mortgage be extinguished by failure of the grantee to foreclose it. See, also, Baker v. Firemen's Fund Ins. Co., 79 Cal. 34, 21 Pac. 357; Booth v. Hoskins, 75 Cal. 271, 17 Pac. 225; De Cazara v. Orena, 80 Cal. 132, 22 Pac. 74.

[4] It is urged on behalf of the appellees that the reason why the mortgagor and its successor in interest should be required to pay the mortgage debt as a condition to redeeming the mortgaged property is because section 2920 of the Civil Code of California defines a mortgage as—

"a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession."

But that is not at all so. The reason is that a court of equity requires every party who seeks equity to do equity. Moreover, as has been shown, the lien created by the mortgage here in question was, according to the allegations of the bill (which, as the case is presented, must be taken to be true), extinguished prior to the commencement of the suit, by reason of the provision of section 2911 of the Civil Code of California above quoted.

[5] The bill here being based upon the effect imposed by the statute of California upon the instrument executed by the complainant's predecessor in interest to the defendant Capay Ditch Company, and upon the conveyance of the legal title to the lands in question by the trustees of the Central Counties Land Company to the complainant, we regard it as clear that the court below was in error in holding that the suit is based upon any chose in action and in, for that reason, dismissing it. See Smith v. Kernochen, 7 How. (U. S.) 216, 12 L. Ed. 666; Sheldon v. Sill, 8 How. 449, 450, 12 L. Ed. 1147; Deshler v. Dodge, 16 How. 631, 14 L. Ed. 1084; Briggs v. French, 4 Fed. Cas. 119 [Fed. Cas. No. 1,871]; Dundas v. Bowler, 8 Fed. Cas. 28 [Fed. Cas. No. 4,140]; Gest v. Packwood (C. C.) 39 Fed. 535, 537; Portage City Water Co. v. City of Portage (C. C.) 102 Fed. 769.

It need hardly be said that the merits of the controversy between the parties is here in no respect involved.

The judgment is reversed, and the cause remanded for further proceedings in the court below.

GILBERT, Circuit Judge (concurring). In its essential features, the cause of suit pleaded in the complaint is one to quiet title to real estate. The plaintiff has acquired by conveyance the title to land which its predecessor in interest had subjected to a mortgage. The mortgage lien has expired by limitation, but the deed, which was intended as a mortgage, and the subsequent conveyances of the land constitute a cloud upon the plaintiff's title. The plaintiff must, in equity, pay the mortgage debt in order to obtain the relief which it seeks. Its right to seek and obtain that relief does not depend, however, upon an assigned chose in action, but upon a deed of real estate. Said the court in Brown v. Fletcher, 235 U. S. 589, 35 Sup. Ct. 154, 59 L. Ed. 374:

"There was no intent to prevent assignees and purchasers of property from maintaining an action in the federal court to recover such property, even though the purchaser was an assignee and the deed, might, in a sense, be called a chose in action. * * * Assuming that the transfer was not colorable or fraudulent, the federal statutes have always permitted the vendée or assignee to sue in the United States courts to recover property or an interest in property when the requisite value and diversity of citizenship existed."

The decision in that case is authority also for the proposition that section 24 of the Judicial Code was not intended to bring about any change in the law, but was intended merely as a continuation of the existing statute. Said the court:

"In continuing the statute Congress also carried forward the construction that the restriction on jurisdiction applied to suits for damages for breach of contract, but did not apply to suits for a breach of duty nor for a recovery of things."

That statute has been held applicable to cases where the plaintiff has acquired by assignment the right to foreclose a mortgage (Sheldon v. Sill, 8 How. 441, 12 L. Ed. 1147; Blacklock v. Small, 127 U. S. 96, 8 Sup. Ct. 1096, 32 L. Ed. 70; Kolze v. Hoadley, 200 U. S. 76, 26 Sup. Ct. 220, 50 L. Ed. 377), and to suits to compel specific performance of

a contract (Plant Investment Co. v. Key West Railway, 152 U. S. 71, 14 Sup. Ct. 483, 38 L. Ed. 358; Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Deshler v. Dodge, 16 How. 622, 14 L. Ed. 1084), but not to actions to recover the possession of a specific chattel or damages for its wrongful caption or detention (Deshler v. Dodge, 16 How. 622, 14 L. Ed. 1084; Ambler v. Eppinger, 137 U. S. 480, 11 Sup. Ct. 173, 34 L. Ed. 765; Buckingham v. Dake, 112 Fed. 258, 50 C. C. A. 492), nor to actions arising upon breach or performance of a contract, occurring after its assignment (American Colortype Co. v. Continental Co., 188 U. S. 104, 23 Sup. Ct. 265, 47 L. Ed. 404; Paige v. Town of Rochester [C. C.] 137 Fed. 663; Oak Grove Const. Co. v. Jefferson County, 219 Fed. 858, 135 C. C. A. 528).

Said the court in Corbin v. County of Black Hawk, 105 U. S. 659, 665, 26 L. Ed. 1136:

"The contents of a contract, as a chose in action, in the sense of section 629, are the rights created by it in favor of a party in whose behalf stipulations are made in it which he has a right to enforce in a suit founded on the contract; and a suit to enforce such stipulations is a suit to recover such contents."

And the court further said:

"The obligation or the promise contained in a contract is its contents, when suit is brought to enforce such obligation."

And while the court in that case held that the promise to receive money stipulated in a contract to be paid by purchasers of land as a foundation for their right to receive title thereto is of the essence of the contract, and that a suit to compel the acceptance of that money is a suit to enforce such promise, therefore is a suit to recover the contents of the contract, that principle does not apply to the present case, for the reason that here there is no existing promise or contract to pay the mortgage debt. If there is an obligation upon the plaintiff to pay that debt, it rests, not upon a contract to pay it, but it is imposed as a condition for obtaining the desired relief pursuant to a principle of equity which requires that the plaintiff, while seeking relief, shall do that which justice requires of it, the payment of a debt, although the obligation to pay it has expired by limitation, and could not be enforced at law. Raynor v. Drew, 72 Cal. 308, 13 Pac. 866; Baker v. Fireman's Fund Ins. Co., 79 Cal. 34, 21 Pac. 357; Hall v. Arnott, 80 Cal. 348, 22 Pac. 200.