| 30 | 377 |
| 42 | 314 |
| 42 | 455 |
| 30 | 377 |
| 54 | 626 |
| 30 | 377 |
| 56 | 318 |

WILLIAM HEMME v. SCHOOL DISTRICT No. 4, OSAGE COUNTY.

1. DISCRETION OF COURT *as to its own Proceedings; New Trial.* A trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which such proceedings are had; and therefore where an application is made by the defendant, at the same term of the court at which the trial was had, and within seven days after such trial, for a new trial, and the application is sustained by affidavits showing that the defendant has a good and valid defense to the plaintiff's action, and that he was absent from the trial on account of severe and dangerous illness in his family, and that he could not, on account of such illness, appear in the court at any earlier time for the purpose of defending the action or of asking for a new trial, and the trial court sustains the application and grants a new trial, *held,* that the su-

preme court cannot say that the trial court abused its discretion or erred so materially as to require a reversal of its order granting the new trial, although the application was in the form of a motion, and not in the form of a petition, and was filed seven days after the trial, and not within three days thereafter.

2. WELL, *a Necessary Appendage to School House.* The plaintiff sued the defendant, a school district, upon a school-district order, which seems to be legal and valid upon its face. On the trial, it was shown by the evidence, among other things, that the school order upon which the plaintiff sued was given for the construction of a well, dug and drilled by him on the premises occupied by the school house of the district. Under the statutes and the evidence the plaintiff would not be entitled to recover, unless such well was a "necessary appendage" to the school house within the meaning of § 25, article 4, chapter 122, of the Laws of 1876. (Comp. Laws of 1879, p. 830.) The court instructed the jury, among other things, that "a well is not a necessary appendage to a school house, within the meaning of the law." *Held,* Error; that the word "appendage," in said § 25, ought to be construed broadly, and so as to include a well constructed on the same premises on which the school house is situated; and that the trial court, instead of instructing the jury that a well is not a necessary appendage to a school house, should have left to the jury the question as to whether it is a necessary appendage, or not.

*Error from Osage District Court.*

ACTION by *Hemme* against *School District No. 4,* Osage county, on an order of that district for $55.62. Trial at the April Term, 1881, of the district court, and judgment for defendant. Plaintiff brings the case here. The facts appear in the opinion.

*Ellis Lewis,* for plaintiff in error.

*S. B. Bradford,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by William Hemme against School District No. 4, Osage county, Kansas, on a school order for $55.62, which order seems to be legal and valid upon its face. The school district answered. Afterward, and on April 12, 1881, the case was regularly called for trial. The attorney for the school district was present, but none of the officers of the school district were present, or

made any appearance in the court. · The attorney asked for a continuance of the case on account of the absence of the officers and of the school-district records, and filed an affidavit in support of his application for the continuance. The court overruled the application, and the attorney made no further appearance in the case for the defendant. A trial was then had before the court without a jury, which trial resulted in a finding and judgment in favor of the plaintiff and against the school district, for the sum of $59.42, together with costs. Afterward, and on April 19, 1881, and at the same term of court, the defendant filed a motion to set aside the defendant's default, and to vacate the judgment rendered, and for a new trial in the case, on the ground that the defendant had a valid and meritorious defense to the plaintiff's cause of action, and that the defendant and its officers were absent from the trial on account of unavoidable accident preventing their presence. This motion was sustained by the affidavits of the treasurer and clerk of the school district, showing that they were absent on the day of trial, on account of severe and dangerous illness in their families; that the school district had a good and valid defense to the plaintiff's action; and that the officers could not, on account of the said illness in their families, appear in the court at any earlier time, for the purpose of defending the action, or of asking for a new trial. The court below sustained the defendant's motion, set aside the judgment rendered, and granted a new trial in the case. Afterward, a new trial was had before the court and a jury, and on the new trial it was shown by the evidence, among other things, that the school order upon which the plaintiff sued was given for the construction of a well, dug and drilled by the plaintiff on the premises occupied by the school house of the district.

Upon the pleadings and the evidence, the court instructed the jury, among other things, as follows:

"The officers of a school district, when acting together as a school board, are authorized by law and have the power to 'provide the necessary appendages' for the school house, and

a school-district order issued by them for such appendages would be valid and binding on the district; but a well is not a necessary appendage to a school house, within the meaning of the law, and a school board cannot bind the district for the digging or boring of a well, unless they are authorized to do so by some annual or special meeting of the voters of such district, lawfully assembled."

The jury found a verdict in favor of the defendant and against the plaintiff, and judgment was rendered accordingly. The plaintiff brings the case to this court for review, and claims that the court below erred, first, in entertaining and sustaining the original motion for a new trial; second, in instructing the jury that "a well is not a necessary appendage to a school house." We shall consider these alleged errors in their order.

I. It will be remembered that the original motion for the new trial was filed at the term at which the original trial was had and the original judgment rendered, and the motion was made upon grounds authorized by the statute. (Civil Code, § 306, subdiv. 3; § 568, subdiv. 7.) It is claimed, however, by the plaintiff, that the motion was not filed within proper time. Now it is true that the motion was not filed within three days after the decision of the court; but still the defendant attempted to show — and the court evidently found the showing sufficient — that the defendant was unavoidably prevented from making an appearance on the day of trial and defending the action, or from filing its motion for a new trial at an earlier date than it did file the same. We think this was sufficient. (Civil Code, § 308.)

The motion would also have been sufficient under subdivision 7, § 568, of the civil code, if it had been put in the form of a petition; but as it was made at the same term of the court and so soon after the trial, and as the plaintiff had as ample opportunity to defend against the facts set up in the motion and set up in the defendant's affidavits, as he would have had if the facts had been set forth in a petition, probably the fact that the application was in the form of a motion, and not in the form of a petition, is not very mate-

rial. Upon the whole, we think the ruling of the district court upon the motion should be sustained. It must be remembered that a trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which such proceedings were had. In the present case, we cannot say that the district court abused its discretion, or erred so materially as to require a reversal of its order granting the new trial.

II. We are inclined to think that the district court erred in instructing the jury that "a well is not a necessary appendage to a school house." For if such is the law, then there is no authority for a school board or a school district to construct a well, or a fence, or a privy upon the grounds upon which the school house is situated. Section 25, article 4, chapter 122, of the Laws of 1876, (Comp. Laws of 1879, p. 830,) provides that "the district board shall provide the necessary appendages for the school house during the time a school is taught therein." Unless this language can be construed so broadly as to authorize the school board to construct a well, or a fence, or a privy upon the grounds upon which the school house is situated, it would seem that neither the board nor the school district itself has any authority to construct any such improvements. We would therefore think that the legislature must have used the word "appendage" in said § 25, and also in subdivision 5, § 11, art. 3, of said chapter, in a very broad and comprehensive sense, and intended to include these improvements as well as many other things which might come within the general definition of "appendages." Webster defines the word "appendage" as "something added to a principal or greater thing, though not necessary to it, as, a portico to a house." Worcester defines the word as "something added, attached, or annexed; a concomitant." As before stated, we think the word ought to be construed broadly, so as to include a well constructed on the same premises on which the school house is situated; and therefore we think the court, instead of instructing the jury

that a well is not a necessary appendage to a school house, should have left the question as to whether it is a necessary appendage, or not, to the jury.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.