## G. P. FUDGE v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

NEW TRIAL, *Granted on Fifth Day after Verdict, Not Error.* Where a jury finds a verdict in favor of the plaintiff and against the defendant for $300, and also makes several special findings of fact; and the defendant immediately moves the court for judgment in his favor upon the special findings of fact; and the hearing and decision of this motion is continued to the third day after the day on which the verdict is rendered; and on the third day the defendant is unavoidably prevented from appearing at court or filing a motion for a new trial; and the fourth day is Sunday; and on the fifth day the defendant appears in court and files a motion for a new trial, setting forth nearly all the statutory grounds for a new trial, and showing that he was unavoidably prevented from filing the motion for a new trial on the third day, and the court entertains the motion for a new trial, and sustains the same: *Held,* That the court did not commit error in entertaining the motion, although the same was filed more than three days after the day on which the verdict was rendered; that the fact that the defendant was unavoidably prevented from filing the motion on the third day, gave him authority, under the circumstances, to file the motion as soon thereafter as he could.

*Error from Greenwood District Court.*

ACTION by *Fudge* against the *Railway Company,* to recover the value of three hundred tons of hay belonging to plaintiff, and wholly destroyed by fire because of the alleged negligence of the defendant. Verdict for plaintiff for $300, at the May Term, 1882. New trial granted on the motion of defendant. This ruling *Fudge* brings here. The opinion states the facts.

*T. L. Davis,* for plaintiff in error.

*John O'Day,* and *S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question which we need to consider in this case is, whether the district court erred in entertaining the defendant's motion for a new trial; for if it did err in this respect, then the order of the district court

granting the new trial, and from which order the plaintiff appeals, must be reversed; but if it did not so err, then such order must be affirmed.

It appears from the record, that on May 17, 1882, a verdict was rendered in favor of the plaintiff and against the defendant for $300, and thirty-two special findings of fact were also made by the jury. The defendant immediately moved the court for a judgment in its favor upon the special findings, notwithstanding the general verdict, and "requested the court to rule upon said motion at once, as it desired to file and present to said court a motion for a new trial, if said motion for judgment should be overruled. The court, being then otherwise occupied, declined to do so. . . . The court thereupon ordered that the presentation and hearing of said motion for judgment be postponed until May 20, 1882." May 20, 1882, was Saturday, and on that day nothing was done in the case, as it was understood by the court and the parties that the defendant's attorney could not reach the court on account of high water. On Monday, the defendant's attorney, as well as the plaintiff's attorney, appeared in court, and the motion for judgment was heard by the court and overruled; and the defendant's attorney thereupon asked the court for leave to file a motion for a new trial, and supported such application by an affidavit tending to show that the defendant and its attorney were unavoidably prevented from appearing in court or filing a motion for a new trial on Saturday, May 20, 1882, or at any time earlier than May 22, 1882, the time when they made this application for leave to file the motion for a new trial. The court sustained this application, and the motion for the new trial was immediately filed, which motion contained nearly all the statutory grounds for the granting of new trials. The plaintiff's attorney then filed a motion to strike from the files of the case the motion for the new trial, on the ground that such motion was not filed in proper time; but upon the evidence introduced on the hearing, the court overruled the motion of plaintiff's attorney, and the motion for the new trial was immediately

heard and sustained by the court; and this is the ruling of the trial court of which the plaintiff now complains in this court.

Whether the new trial was granted upon some specific ground or grounds, or upon all the grounds alleged in the defendant's motion for a new trial, the record does not show; and neither does it show specifically whether all the evidence presented to the trial court with reference to the cause of the delay in filing the motion has been preserved or brought to this court. These omissions from the record we think are fatal to the plaintiff's petition in error, for presumably the decision of the trial court is correct; and if the plaintiff claims otherwise it devolves upon him to show it affirmatively. Error on the part of the trial court is never presumed, but on the contrary, its decisions are always presumed to be correct; and it devolves upon the party claiming error to show the error. But suppose that we have all the evidence presented to the trial court with reference to the motion for the new trial: then can we say that the trial court erred? We would still think not. It is claimed that the trial court erred in entertaining the motion for a new trial because it was filed out of time — that is, because it was filed more than three days, and was in fact filed five days, after the verdict of the jury was rendered. Now a party is not in all cases and under all circumstances required to file a motion for a new trial within three days after the time when the verdict is rendered. A motion for a new trial upon the ground of newly-discovered evidence may be filed whenever the newly-discovered evidence is first discovered, although such discovery may be many days, or even weeks, or months, after the time when the verdict is rendered; and a party may also file a motion for a new trial after the lapse of more than three days, provided he was unavoidably prevented from filing the same within three days. (Civil Code, § 308.)

Now one of the grounds for the new trial in the present case was newly-discovered evidence, material for the defendant which it could not with reasonable diligence have discovered

and produced at the trial. The motion was certainly filed in time for this ground. The defendant also showed by evidence sufficient to convince the trial court that it, the defendant, was unavoidably prevented from filing the motion for a new trial on the third and indeed on the fourth day after the time when the verdict was rendered; and we cannot say, as a matter of law, that the trial court erred in its findings upon this subject. We cannot say that as a matter of law, and against the findings of the trial court, the defendant was not unavoidably prevented from filing the motion for a new trial on the third day after the rendering of the verdict. But the defendant in fact filed the motion on the fifth day after the rendering of the verdict; and this under the circumstances of the case, we think made the filing sufficient with respect to all the grounds set forth in the defendant's motion for the new trial.

The defendant also showed that it had sufficient reason for not filing the motion prior to the third day, for it also had a motion pending for judgment upon the special findings of the jury from the time when the verdict was first rendered up to and after the third day after the day on which the verdict was rendered; and it was not reasonable, under such circumstances, to expect the defendant to file a motion for a new trial prior to the closing moments of the third and last day given by said § 308 for the filing of motions for a new trial. Of course the defendant might have filed its motion for a new trial on the first or second day after the time when the verdict was rendered, but under the circumstances it was certainly not compelled to do so. On the third day it was unavoidably prevented from doing so, the fourth day was Sunday, and on the fifth day the defendant filed its motion for the new trial, which was the earliest time at which it could have filed its motion after the second day. This motion for a new trial was also made at the same term at which the verdict was rendered, and only five days thereafter. In the case of *Hemme v. School District*, 30 Kas. 377, it was held that "a trial court, for the purpose of administering justice has a very wide and extended discretion in setting aside or modifying proceedings

had in its own court, if it does so at the same term at which such proceedings are had;" and therefore in that case an order of the district court granting a new trial was sustained by the supreme court, although the motion for the new trial was not filed until seven days after the verdict of the jury was rendered. In that case, as well as in this, the evidence was so unsatisfactory that if the decision of the trial court upon the evidence had been against entertaining the motion for the new trial, except upon the ground of newly-discovered evidence, this court would have sustained its decision. But recognizing the fact that the trial court has some discretion in granting new trials, we shall reverse its orders granting new trials only where it very clearly appears that the trial court has erred with respect to some well-settled principle of law, or has manifestly abused its discretion.

The present case is still pending in the district court, undisposed of, and we think it is much more likely that justice will be subserved by leaving the parties to their new trial, than by making some other order.

The order of the court below, granting the new trial, will be affirmed.

HORTON, C. J.: I concur in the judgment of affirmance, and in the syllabus of the court, but cannot say I approve of all the comments or conclusions of the opinion.

BREWER, J.: I concur in the judgment alone. I do not fully approve of either the syllabus or the opinion.