M. R. MUDGE v. S. E. HULL, as *Sheriff of Wabaunsee County, et al.*

No. 7969.

1. MORTGAGE —*Forelosure*—*Parties.* A person who has purchased and acquired title to mortgaged premises and assumed the payment of a portion of the mortgage debt is a proper and necessary party in an action to foreclose the mortgage, and a personal judgment for the liability assumed may be rendered against him therein.

2. SERVICE ON NON-RESIDENT OF COUNTY—*Indorsement of Summons.* Service of summons having been obtained upon his co-

defendants in the county in which the action was brought, a summons could be properly issued and served upon him in another county; and in such an action no indorsement upon the summons as to the amount for which judgment would be taken in case of a default was required.

3. CHANGE OF VENUE—*Power to Vacate.* After allowing an application for a change of venue, the trial court, at the same term and before the papers or any transcript of them are transmitted, may vacate the order granting the change for the purpose of allowing the case to be tried before a judge *pro tempore.*

4. PETITION—*No Cause of Action Stated.* The averments of the petition attacking the validity of a judgment examined, and *held* to be insufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

*Error from Douglas District Court.*

ACTION by M. R. Mudge against S. E. Hull, as sheriff of Wabaunsee county, and others. Judgment was rendered for the defendants, and plaintiff brings the case here. The opinion, filed January 11, 1896, states the facts.

*J. J. Mitchell,* and *F. L. Irish,* for plaintiff in error.

*J. D. McFarland,* and *R. C. Heizer,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by M. R. Mudge against S. E. Hull, as sheriff, and the Kansas National Bank of Topeka, to enjoin the enforcement of a judgment. On May 2, 1889, the bank recovered a personal judgment in the district court of Osage county against Mudge and other parties, and at the same time a decree foreclosing a certain mortgage which had been given to secure the payment of the debt. In his petition Mudge attacked the validity of the judgment upon several grounds, and when the action came on for trial objection was made by the

defendants to the introduction of any testimony under the petition, for the reason that it did not state a cause of action in favor of the plaintiff and against the defendants: The motion was sustained and judgment rendered for the defendants, and of this ruling the plaintiff complains.

The first ground of attack upon the judgment is that the district court of Osage county had no jurisdiction of the subject-matter or of the person of Mudge at the time the judgment was rendered against him. It is contended that Mudge was improperly joined with the other defendants, and that jurisdiction could not be acquired over him by the service of a summons in a county other than where the action was brought. Mudge had not signed the mortgage, and did not reside in Osage county. He was brought into the case because he had acquired a title to the mortgaged land, and it was alleged that he had assumed a portion of the mortgage debt. The foreclosure action appears to have been properly brought in Osage county, where service was obtained upon codefendants of Mudge. Having been legally instituted in that county, a summons could be properly issued and served upon Mudge in another county. The summons served upon him did not have indorsed thereon the amount for which judgment would be taken against him in case of a default, but instead there was an indorsement that the action was brought "for foreclosure of mortgage." This, however, could not avoid the judgment, as the action was not one for the recovery of money only, and no indorsement was required. ( *Beverly v. Fairchild*, 47 Kan. 289.) If Mudge had not been properly joined in the case, it would have been only an error, and one which would be waived by a failure to demur or answer. The record shows that he failed to appear

in the case, or to file any pleading therein. It appears, however, that Mudge was a proper and necessary party. He held the legal title to the mortgaged premises, and it is alleged that he had agreed to pay a portion of the mortgage indebtedness upon which the action was based. As he was properly brought into the case, he was in court for every purpose connected with the action, and was bound to take notice of every step in the proceedings. ( *Kimball v. Connor*, 3 Kan. 414; *Curry v. Janicke*, 48 id. 168.)

It is claimed that the district court of Osage county lost jurisdiction of the case by granting an application for a change of venue. On account of the disqualification of the judge, one of the defendants made formal application for a change of venue, which was granted. A few days later, at the same term of court, and before the papers or any transcript of them had been transmitted to another county, the defendant who had applied for the change asked leave to withdraw his application for a change of venue, and to have the order granting such change set aside. The plaintiff and the defendants afterward in the case consented to such order being made, and the court then vacated and set aside its former order, and allowed the application to be withdrawn. On the same day, all of the parties, except those in default, appearing, a *pro tem.* judge was elected upon the order of the regular judge, who, after being duly qualified, proceeded to hear the case and to enter judgment. As the case was never in fact transferred, nor any of the papers nor a transcript of the proceedings ever sent to another county, we think that during the term it was within the power of the court to vacate its former order. "It must be remembered that a trial court, for the purpose of administering justice,

has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which such proceedings were had." (*Hemme v. School District*, 30 Kan. 377; *The State v. Hughes*, 35 id. 626; *The State, ex rel., v. Sowders*, 42 id. 312; *In re Black*, 52 id. 64; 1 Black, Judg. § 305.) Under the rule of these cases, the trial court has complete control over its orders and judgments during the term at which they are rendered, and if they have not been executed they may during such term be vacated or modified as the court may deem best. The district court of Osage county did not entirely lose jurisdiction of the case until the papers were transmitted and the change of venue perfected. We think it was within the power of the court, at the same term and before the papers were transmitted, to vacate its order and allow the defendant to withdraw his application. Mudge was not present when the order was first allowed, nor does it appear that he had any knowledge of the same until after it was vacated. There is no ground, therefore, to claim that he was misled by the action taken; and of the power of the court to vacate the order we have no doubt. (*Servatius v. Pickel*, 30 Wis. 507; *People v. Zane*, 105 Ill. 662; *Seth v. Chamberlaine*, 41 Md. 186; *Coal Co. v. Coal Co.*, 64 id. 302; *Sanford v. Sanford*, 28 Conn. 6; *The State v. Webb*, 74 Mo. 333; *Colvin v. Six*, 79 id. 200; *Liese v. Mitchell*, 53 Mo. App. 563.)

Under the facts disclosed by the record a *pro tem.* judge was properly elected, and the allegations of the petition were abundantly sufficient to sustain the jurisdiction and the judgment.

Much is said in the written argument as to the facts in the case, and it is insisted that the debt which

formed the basis of the judgment was not due when the action was brought, nor even at the time the judgment was rendered against Mudge. These are matters which might have been made the subject of review, but cannot destroy the judgment, nor sustain this attack upon the same. There was jurisdiction in the court, as the averments of the petition showed an existing liability which had accrued at the time the action was begun and judgment taken.

The judgment of the district court will be affirmed.

All the Justices concurring.