## MICHAEL WARD v. CORNELIUS MORRISON.
### No. 230.

1. NEW TRIAL—*trial in absence of party, motion for, filed more than three days after trial, not a matter of right.* When a party takes an appeal from a justice of the peace to the district court, and then fails to give it any further attention, and the case is decided against him in his absence and without his knowledge, and he files his motion for a new trial more than three days after said trial and judgment thereon, he is not entitled as a matter of right to have said motion allowed.

2. ———— *in such cases, in discretion of trial court.* Although the district court, in the exercise of that sound discretion which the law ascribes to it, may grant a new trial in such cases, yet it is not as a matter of law bound to do so, and should not, except upon a showing that the party asking it had used reasonable diligence in the prosecution of his appeal.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed July 16, 1897. *Affirmed.*

On the twenty-first day of February, 1891, Cornelius Morrison recovered a judgment against Michael Ward, before a justice of the peace in the city of Topeka. An appeal was taken to the District Court and a transcript filed therein on the fourth day of March, 1891. Nothing further appears in the record of said case

WARD v. MORRISON.                              55

July 16, 1897.          Opinion.    Wells, J.            E. Div.

until the twenty-seventh day of October, 1892, when
the action came on for trial in the District Court of
Shawnee County, and the defendant, the appellant,
failed to appear and made default. The action was
tried and judgment rendered for the plaintiff. On the
fourteenth day of November, 1892, the defendant, the
plaintiff in error, filed a motion for a new trial, alleg-
ing as grounds therefor, *first*, the mistake, neglect
and omission of the clerk of said court, and irregu-
larity in the obtaining of said judgment ; *second*, fraud
practiced by the plaintiff in obtaining the judgment ;
and *third*, that neither the defendant nor his attorney
had any knowledge of the setting of the cause for
trial, having received no notice thereof, nor a bar-
docket of the court, and that they had no knowledge
of the obtaining of the judgment until after the expira-
tion of more than three days from the rendition thereof.
This motion was supported by affidavits showing, in
substance, that the defendant had a meritorious defense
to said action, that he was a resident of Pottawatomie
County, that his only attorneys were the firm of J. W.
Fitzgerald & Son, at St. Mary's, Kan., and that neither
said defendant nor his attorneys received any notice
or knew that said case was set for hearing during said
term, nor did they know that said judgment was ren-
dered until more than three days after the rendition
hereof. The court below overruled the motion for a
new trial, and the case is brought here for review.

*J. W. Fitzgerald & Son* and *A. H. Case,* for plaintiff
in error.

*T. H. Bain* and *Vance & Campbell,* for defendant in
error.

WELLS, J. The only real question in this case is
whether, after an appellant has taken his appeal from

56       WARD v. MORRISON.

N. Dept.       Opinion.   Wells, J.       6 Kan. App.

the judgment of a justice of the peace, and filed his transcript in the district court, he may give no further attention to it until he is notified that the case is set for trial, and in case the matter is called up and disposed of by the court without his presence or knowledge, be entitled to come in at any reasonable time afterwards and show his lack of knowledge and be granted a new trial.

As said by the Supreme Court in the case of *Hemme v. School District* (30 Kan. 377) : ''A trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside or modifying proceedings had in its own court.''

This discretion that is granted to the trial court does not belong to the Appellate Court. If the trial court in this case had awarded a new trial, we do not think we would be justified·in reversing the order ; but in reversing it now, we would be required to say that the trial court had no discretion in the matter, but should have granted a new trial as a right. This is surely not the law. When a party files a case, either by original petition or transcript, it his duty to watch it until it is tried ; and unless he has been imposed upon by some fraudulent proceeding and been thus kept from appearing when it was set for hearing, he cannot complain. There is no law or rule of court shown requiring clerks of the district courts to notify attorneys or litigants of the time when their cases are set for trial, and there is no showing of such a universal custom as would make such a notice obligatory upon the clerk. If he usually does it as a matter of accommodation to litgants and attorneys, that would not entitle them to demand it as a right. In this case there is no showing that the plaintiff in error made any effort whatever, either by himself or

attorneys, to know when the case would probably be put upon the docket or set for trial.

"The facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches." *Hill v. Williams*, 6 Kan. 18.

"The negligence of the party is no ground for a new trial." *Holderman v. Jones*, 52 Kan. 743.

We are referred to the cases of *Fudge v. St. L. & S. F. Rly. Co.* (31 Kan. 146) and *Hemme v. School District*, supra, as authority for the plaintiff in error, but both of these decisions are in harmony with the law as herein stated, as in each a new trial was ordered in the reasonable discretion of the trial court.

The judgment of the court below will be affirmed.