THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. THE CITY OF COFFEYVILE.

No. 15,811.   (97 Pac. 372.)

CITIES AND CITY OFFICERS—*Exercise of Unwarranted Powers— Indirect License of Crime.* A judgment was rendered ousting a city from exercising unwarranted corporate powers by indirectly licensing violations of the intoxicating-liquor and gambling laws, the violators paying at regular intervals stipulated sums as fines and having immunity from prosecution and punishment.

Original proceeding in *quo warranto.* Opinion filed July 3, 1908. Judgment for plaintiff.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*George R. Snelling,* for defendant.

*Per Curiam:* This action of *quo warranto* was brought by the state on the relation of the attorney-general to oust the city of Coffeyville from the exercise of the assumed and unwarranted corporate powers, privileges and franchises of indirectly levying and collecting license-taxes on those engaged in the unlawful sale of intoxicating liquors within the city, and also authorizing and licensing the keeping of gambling-houses in the city. It is alleged that for certain sums of money, paid from time to time in stipulated sums in

the form of simulated fines and forfeitures, these persons were permitted to carry on the unlawful business and practices and to have immunity from prosecution and punishment. An answer containing a general denial was filed by counsel for the city. The case was finally submitted upon testimony taken to be used in this and the case of *The State v. Wilcox, ante,* p. 597, which abundantly sustains the allegations and claims of the state. No one appeared at the final hearing to contend that the charges made by the state were not sustained by the proof nor to justify the illegal practices of the city authorities.

A judgment of ouster is awarded against the city, in accordance with the prayer of plaintiff's petition.