MARY J. STOUFFER et al., Appellants, v. JAMES S. HAR-
LAN, and RICHARD D. HARLAN et al., as Individuals
and as Executors, etc., Appellees.

No. 16,908.

SYLLABUS BY THE COURT.

1. MORTGAGEE IN POSSESSION—Dispossession. A mortgagee law-
fully in possession of the mortgaged premises can not be
ousted or deprived of his rights by force, stealth or fraud, or
by the mere intrusion of the owner of the equity of redemp-
tion against his will or without his knowledge.

2. PLEADINGS—Title and Ownership—Judgment—Issues Broad-
ened. In a suit to quiet title the defendants answered claim-
ing absolute ownership and possession. The reply set up a
judgment between the same parties in a former action, in
which it was held that the defendants were not the absolute
owners but were mortgagees in possession, and that the plain-
tiffs' remedy was to redeem. Held, that the reply brought
upon the record the former judgment in its entirety, for all
purposes, notwithstanding some of its provisions favored the
defendants, and that the issues were thereby broadened suffi-
ciently to authorize the court in determining the rights of the
parties under the former judgment to give effect to all its
provisions.

Appeal from Lyon district court. Opinion filed
March 11, 1911. Affirmed.

STATEMENT.

THIS is an action to quiet title to certain real estate
in Lyon county. On February 13, 1908, the plaintiffs
took a default judgment upon service by publication
only. At the same term of court James S. Harlan filed
a verified application, under section 77 of the old code
(see Code 1909, § 83), asking that the judgment be
vacated. Upon the showing made, the court opened
the judgment and allowed the defendants to answer.
The case was afterward tried by the court and
judgment rendered in favor of the defendants. The
plaintiffs appeal.

The court made findings of fact of which the following is a brief summary:

(1) C. C. Stouffer was the owner of the land, subject to a mortgage belonging to the estate of Phineas Prouty, deceased. In 1894 Richard D. Harlan and Walter Chrystie, as executors of the Prouty estate, brought foreclosure proceedings, resulting in a sheriff's deed to James S. Harlan, who took the title for the estate and entered into the possession of the land.

(2) On September 9, 1898, C. C. Stouffer and wife, claiming to be the owners of the land, brought an action in ejectment against James S. Harlan and the representatives of the Prouty estate. The district court found for the defendants. The case was appealed and the judgment was affirmed, the court holding that the representatives of the Prouty estate were mortgagees in possession, and that the plaintiffs' remedy was to redeem. (*Stouffer v. Harlan*, 68 Kan. 135.)

(3) The present suit to quiet title was brought December 26, 1906. C. C. Stouffer died June 7, 1907, and the plaintiffs are his heirs. The defendants in this action are the same parties defendant as in the former suits, being the representatives of the Prouty estate.

(4) As such representatives, they were, from March 1, 1896, to April 15, 1906, in the absolute, exclusive and quiet possession of the land as mortgagees in possession, all of which was known to the Stouffers during that time. The defendants paid the taxes from 1891 down to and including the taxes of 1906. The plaintiffs paid the first half of the taxes for 1907.

(5) James S. Harlan, who represented the executors of the Prouty estate in looking after the land, is a nonresident and has never been on the land himself. He had considerable correspondence with one Loomis, extending over a period of three years; Loomis desired to lease the land for a yearly rental of $365, which was

more than Harlan had been receiving as rent, but Harlan made no lease to him at any time.

(6)  Hawkins Brothers were in the actual possession as tenants of Harlan for the year ending March 1, 1906, and they removed from the land in March or April of that year, in obedience to a notice from Harlan to vacate.

(7)  Harlan learned from some source that Loomis was in possession of the land during the year 1906. As a matter of fact Loomis took possession of the land about the time Hawkins Brothers vacated, and he made a lease with the Stouffers dated April 24, 1906.

(8)  The plaintiffs had brought suit to redeem the land, and this suit had been removed to the United States court and was still pending on April 24, 1906, when the plaintiffs entered into a lease of the land with Loomis. It was dismissed without prejudice, October 22, 1906.

(9)  The Stouffers have never paid, and Harlan has never received, the debt due under the mortgage. The defendants did not at any time intend to abandon the land or any of their rights as mortgagees in possession.

(10)  The rights of the defendants as mortgagees in possession until the debt due them was fully paid was finally adjudicated between all the parties in the eject-ment case.

As conclusions of law the court found that the plain-tiffs' claim of possession is wrongful as against the de-fendants, and that they are not entitled to recover in this action. The defendants had judgment for costs.

*J. G. Hutchison,* and *J. Harvey Frith,* for the ap-pellants.

*R. M. Hamer, W. C. Harris,* and *Hamer & Harris,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The first contention is that the court erred in opening the judgment because in the affidavit in support of the application there was no showing that the other defendants, Richard D. Harlan and Walter Chrystie, had no knowledge of the pendency of the action in time to appear and defend. It is sufficient to say that the judgment was opened at the same term at which it was rendered and when the court had absolute control of the judgment, with full authority to set it aside, modify it or open it up for a defense. (*Hemme v. School District*, 30 Kan. 377; *Mudge v. Hull*, 56 Kan. 314.) The fact that the application purported to follow the statutory provisions for opening up a judgment within three years did not deprive the court of its right to open the judgment at the same term at which it was rendered, under the court's general powers.

The second error complained of is that the judgment and findings of fact are not within the issues. In this connection it is insisted that the issues were ownership and possession, as alleged in the petition; that the plaintiffs' ownership and possession were denied in the answer and a claim set up that the defendants were the absolute owners; that the answer made no claim that the defendants were mortgagees in possession. It is therefore argued that three findings of the court are without the issues: (1) That the defendants were entitled to hold as mortgagees in possession until the mortgage debt was paid; (2) that the mortgage debt had never been paid; and (3) that the defendants did not intend to abandon the land or their rights as mortgagees in possession.

On the other hand, it appears that the plaintiffs in their reply, as new matter, and as a reason why the defendants should not be allowed to assert a claim of

absolute ownership, set up the proceedings in the eject-
ment suit and attached thereto a copy of the judgment
and opinion, in which it was held that the defendants
were mortgagees in possession and that the remedy of
the plaintiffs was by an action to redeem.  Since the
reply was filed the defendants have never urged, and do
not now claim, that they are in possession as absolute
owners; but urged at the trial, and are still contending,
that the plaintiffs can not maintain this action to quiet
title.  It can not therefore be said that the issues were
narrowed down to the single question of which of the
parties had the legal title and possession, or that the
court could not without going beyond the issues raised
by the pleadings determine the respective rights of the
parties.

The plaintiffs' claim in substance amounts to this:
that they pleaded in their reply the former judgment
for the sole purpose of defeating the claim in the an-
swer that the defendants were the absolute owners.
In order, however, to plead the judgment at all, it was
necessary to plead the whole of it; and the entire judg-
ment rendered by the district court in pursuance of
the mandate from this court, together with the opinion,
is pleaded.  That judgment was not an unconditional
determination that the plaintiffs own the land and that
the defendants have no interest in it.  On the contrary,
it was finally determined between the parties that while
the plaintiffs were the owners, the defendants were
mortgagees in possession, and that the only way in
which the plaintiffs could regain their land was by
paying the mortgage debt or by bringing an action to
redeem, which would require them to pay.  The reply
brought upon the record the former judgment in its
entirety, for all purposes; and after it was pleaded as
an adjudication, if some portion of it was in favor of
the defendants and against the plaintiffs, it could
hardly be successfully contended that both parties were

not bound by it. The bringing of it on the record had the effect to broaden the issues, and the court could not determine the rights of the parties under it without giving effect to all of its provisions.

The plaintiffs' contention that the court erred in not striking out the finding that the rights of the defendants as mortgagees in possession until the mortgage debt is fully paid were adjudicated between the parties can not be sustained. That was the very thing determined in the judgment which the plaintiffs pleaded in their reply. Nor was it error to refuse to strike out the finding that the mortgage debt has never been paid. This finding was necessary in order to enable the court to determine the equities between the parties. The other finding which it is claimed should have been stricken out is that Harlan did not at any time intend to abandon the land or any of his rights as mortgagee in possession. This was likewise a necessary finding in order to determine the equities, and was amply supported by the evidence.

It is earnestly insisted that the judgment in the ejectment action only defined the rights of the parties as they existed at the time it was rendered, and that those rights have since been altered in some manner by new conditions. It can not be denied that the defendants, for ten years, from March 1896, to March, 1906, were in the quiet, peaceable possession as mortgagees, and that it had been adjudicated that they were lawfully in such possession and that the plaintiffs' remedy was to redeem from the mortgage. The defendants were all nonresidents. James S. Harlan looked after the land by correspondence with his tenant and with an agent. In March, 1906, he notified the tenant to vacate, and the tenant did so. Previous to this time, Loomis had tried to rent the land from Harlan, and had made some effort to rent it from Harlan's tenant before the latter vacated. Harlan learned from

others that Loomis was on the land. Meanwhile, the plaintiffs had brought an action to redeem from the mortgage. Although they had secured a lease from Loomis in April, they did not dismiss their action until October. In December Harlan wrote to Loomis asking him to pay the rent. Loomis wrote in answer that he had deposited the rent in a bank in Emporia. He had evidently done so in order that the plaintiffs could receive the rent, but he concealed from Harlan the fact that he claimed to be a tenant of the plaintiffs. It appears, therefore, that the situation of the parties had not been voluntarily changed by any act of the defendants. They never voluntarily surrendered possession or their claim to hold as mortgagees.

We think there was sufficient evidence to sustain the findings made by the court, and the conclusions of law necessarily follow from the facts. The plaintiffs, in order to ask equity, must come into court with clean hands. The authorities are too numerous to require citation which hold that a mortgagee in the lawful possession of mortgaged premises can not be ousted or deprived of his rights as such against his will or by anything in fact short of redemption and complete satisfaction of the mortgage debt. (20 A. & E. Encycl. of L. 981; 27 Cyc. 1238, 1239.) As said in *Townshend v. Thomson et al.,* 139 N. Y. 152:

"A mortgagee who has lawfully taken possession of the mortgaged premises can not be ousted or deprived of his rights as such by the mere intrusion of the owner of the equity of redemption against his will or without his knowledge. There must be some act or omission on his part indicating a change in his position. The mortgagee who has taken lawful possession of the land pledged for his debt is not obliged to stand upon the land with a club to keep off intruders; nor need his continued possession be of such a character as is required by the statute to create a title by adverse possession." (p. 162.)

(To the same effect see *Buehler v. Teetor,* ante, p. 281.)

In *Nicholson v. Hale,* 73 Kan. 599, it was held in the case of a tax deed that after the five-year statute of limitations has run and the owner's right to lawful entry has lasped he can not lawfully acquire any rights as against the tax-deed holder by force, fraud or stealth. The same principle applies here. After the judgment in ejectment determined the rights of the parties and until the defendants voluntarily abandoned their possession the plaintiffs no longer possessed the right lawfully to enter upon the land without first satisfying the debt; and they could not change the respective rights of the parties by acquiring possession through force, fraud or stealth, or by connivance with a tenant who pretended to hold under the mortgagees.

The former judgment the plaintiffs themselves pleaded was an adjudication that the only course open to them was to redeem from the mortgage. The debt has not been satisfied, and no change has occurred in the situation which has affected the respective rights of the parties.

Complaint is made of the refusal to permit the plaintiffs to offer evidence showing that the defendants had committed waste upon the premises. The objection was rightly sustained. If this were an action to redeem, the evidence might have been admissible.

The judgment is affirmed.